PS 8
(Rev. 5/02 WVN)

# UNITED STATES DISTRICT COURT
## for the
## Northern District of West Virginia

U.S.A. vs. Derek Wayne Blanken, Jr.                                    Docket No.: 3:19CR5-1

### AMENDED Petition for Action on Conditions of Pretrial Release

      COMES NOW ALICIA M. BEASLEY, U. S. PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant Derek Wayne Blanken, Jr., who was placed under pretrial release supervision by the Honorable Robert W. Trumble, United States Magistrate Judge, sitting in the Court at Martinsburg, West Virginia, on January 30, 2019, under the following conditions:

**Condition 7(o): The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.**

      Respectfully presenting petition for action of court for cause as follows:
(If short insert here; if lengthy write on separate sheet and attach.)

| Violation Number | Nature of Non-Compliance |
|---|---|
| 1 | On January 30, 2019, the defendant reported to the probation office as required. The defendant reviewed and signed a contract referral for substance abuse counseling at that time. The defendant was directed to contact the office of treatment provider Anita Ryan within 24 hours in order to schedule an appointment. |
| | On February 1, 2019, Ms. Ryan contacted the undersigned to advise the defendant had called and left a voicemail, but he did not leave a number to contact him back. The undersigned provided a contact number for the defendant. |
| | On February 4, 2019, the defendant was advised of the conversation with Ms. Ryan and was informed contact would be made with him to set up an appointment. |

PS8                                                  PS8 Petition for Action on Conditions of Pretrial Release

> On March 6, 2019, the undersigned contacted Ms. Ryan to verify the defendant scheduled an appointment with her office. She advised the defendant never scheduled an appointment with her.
>
> On March 7, 2019, contact was made with the defendant to inform he still needed to set up an appointment with Ms. Ryan. He reported he would. As of March 11, 2019, the defendant has not set an appointment with Ms. Ryan's office.
>
> *This violation was reported to the Court on March 11, 2019.*

2   The defendant reported to the probation office as required following his release. At that time, the defendant admitted to using marijuana on a regular basis. On January 30, 2019, he submitted to drug screens via urinalysis. The preliminary results confirmed the defendant was positive for marijuana. Subsequent testing occurred on February 12, 2019, and March 12, 2019. The preliminary results for these tests were also positive for marijuana. All specimens were submitted for laboratory analysis in order to determine if the levels of marijuana in his system were decreasing.

> Correspondence from Alere Toxicology Services was received on March 18, 2019, (see attached). According to the Director of Toxicology, Michael Daggett, it appears the defendant reused marijuana prior to the collection on March 12, 2019.

## PETITIONING THE COURT

[ ] To issue a warrant
[ ] To issue a summons
[XX] Neither

PS8                                      PS8 Petition for Action on Conditions of Pretrial Release

### U. S. Pretrial Services Officer Recommendation:

The term of supervision should be:

[ ] Revoked

[XX] No action taken at this time

> The defendant will be enrolled in the U. S. Probation Office's random drug screening Code-A-Phone program. Should any additional positive drug screens be detected, the results will promptly be reported to the Court. Further disregard for imposed conditions of release may result in a request for revocation of the defendant's bond.

[ ] The conditions of supervision should be modified as follows:

Respectfully,

*Alicia M Beasley*

Alicia M. Beasley
U. S. Pretrial Services Officer
Place: Martinsburg, West Virginia
Date: March 27, 2019

### THE COURT ORDERS

[✓] No action
[ ] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

### ORDER OF COURT

Considered and ordered this __28th__ day of __March__, 20__19__ and ordered filed and made a part of the records in the above case.

_____
U. S. Magistrate Judge



Alere Toxicology Services, Inc.
9417 Brodie Lane
Austin, TX 78748

**Abbott**

03/18/2019

RE:   Request for THCA Interpretation for Donor: BLANKEN_3863793

This memo is in response to your request for additional information concerning the length of time that marijuana can stay in the body.

Marijuana is stored in the body longer than many other drugs. Depending upon the type of use of the drug, the length of time it can stay in the body fluctuates. Recent scientific data indicate that a person who is a chronic user, meaning that he/she uses the drug several times a day every day, may continue to release the drug into the urine for up to four weeks. The social user, someone who smokes one joint per week, will eliminate the drug in less than 5 days at a 15 ng/ml cut off. Elimination of drug is expressed in terms of a half-life, which is the length of time it takes for half of the drug to be eliminated. The average half-life for marijuana is 24 to 48 hours for an occasional user and 72 to 96 hours for a chronic user.

Alere utilizes Gas Chromatography coupled with Mass Spectrometry (GC/MS) and Liquid Chromatography/Mass spectroscopy/Mass Spectroscopy (LC/MS/MS) to identify 11-nor-9-carboxy-delta-9-tetrahydrocannabinol (THCA), the primary metabolite from marijuana use.

When evaluating specimens close in time, urine concentration is a factor which can complicate the interpretation. As urine concentration fluctuates, drug level fluctuates; therefore, correction for the dilution or concentration of the urine is essential prior to evaluating whether a donor has reused the drug in a span of time between drug test collections. The correction for concentration is called a creatinine normalization procedure. A random urine creatinine should be in the range of 100 to 200 mg/dl with an average of approximately 170 mg/dl. To compensate for the dilution effect, the drug concentrations are normalized and reported as nanogram of drug per milligram of creatinine

The specimens listed below were submitted for analysis at Alere Toxicology Services, Inc. yielding the following results:

| Date Collected | Specimen Number | THCA ng/mL | Creatinine mg/dL | Normalized THCA Value |
|---|---|---|---|---|
| 01/30/2019 | B02841051 | 913 | 58.7 | 1555 ng THCA/mg Creatinine |
| 02/12/2019 | B02841049 | 139 | 22.0 | 615 ng THCA/mg Creatinine |
| 03/12/2019 | B02841048 | 190 | 34.3 | 553 ng THCA/mg Creatinine |

Officer DISBENNETT provided information that the offender was a CHRONIC user of marijuana claiming last use on 01/30/2019. This opinion letter will be based on chronic use. Chronic use is defined as smoking one or more marijuana cigarettes per day.

www.aleretoxicology.com

Page 2
RE: THCA Interpretation

It is my opinion that this offender reused marijuana prior to each of the collections listed: 03/12/19. I base this opinion on chronic use, the lack of significant decrease in the normalized level of drug present in the urine specimen collected on 03/12/19 and a urine half-life of 48 hours.

The results of the specimen collected on 02/12/19 are inconclusive, and I am unable to determine if this is new use or residual elimination.

Please do not hesitate to contact me if additional information is needed. I can be reached at 800-433-3823 #68183 or via email to at michael.daggett@alere.com.

Regards,

Michael Daggett; D-ABFT; NRCC-TOX
Director of Toxicology
Austin, TX